NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PALMIST TRUCKING, LLC,

    *Plaintiff*,

v.

CITY OF LINDEN, et al,

    *Defendants*.

Civil Action No. 18-14561

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Palmist Trucking, LLC ("Palmist") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. While the Complaint's caption indicates that Palmist is the plaintiff, the pleading elsewhere indicates that the plaintiff is "Guilio Mesadieu t/a Palmist Trucking, LLC." D.E. 1. Because the named Plaintiff is an LLC, it cannot proceed without counsel and it cannot proceed *in forma pauperis*. *See In re 69 N. Franklin Turnpike, LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel."); *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, No. 14-2504, 2017 WL 5513683, at *2 (D.N.J. Nov. 17, 2017) (stating that "artificial entities such as corporations" cannot receive *in forma pauperis* treatment). For those reasons, the matter is dismissed. However, because Mesadieu ("Plaintiff") is proceeding *pro se*, the Court will nevertheless screen the Complaint as if brought by Mesadieu in the interests of time and efficiency.

For the reasons discussed below, if Mesadieu intends to amend the Complaint and insert himself as Plaintiff, the Court would **GRANT** his application to proceed *in forma pauperis* but would nevertheless **DISMISS** the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim upon which relief can be granted.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court would grant his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780,

786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff alleges that two unnamed City of Linden Police officers (the "Individual Officer Defendants") illegally seized Plaintiff's three-car trailer, which constituted a deprivation of his property without due process and a violation of his Fourth Amendment rights. Compl. at 8, 11-12. Plaintiff also pleads that the Individual Officer Defendants issued false motor vehicle citations and failed to correct the false charges, which amounted to a violation of Plaintiff's due process rights. *Id.* at 9, 11. In addition, Plaintiff asserts claims against Defendant Parham, the Chief of the Linden Police Department, and the City of Linden, alleging that these Defendants failed to adequately train, monitor, and discipline the individual officers. *Id.* at 9-12. Further, Plaintiff brings a Section 1985 conspiracy claim against the Defendants for conspiring to illegally seize his trailer and issue false motor vehicle citations. *Id.* at 12. Finally, Plaintiff asserts state law tort claims against Defendants as a result of the alleged improper seizure and the false traffic citations.

*Id.* at 13-14. Absent from the Complaint, however, are sufficient factual allegations that support any of Plaintiff's claims.

Plaintiff asserts claims pursuant to 28 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. In order to state claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Given that each Defendant in this matter is associated with the Linden Police Department, the Court assumes, for purposes of this screening opinion, that Plaintiff adequately alleges that Defendants are state actors. *See Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) ("[A]cts of a state or local employee in her official capacity will generally be found to have occurred under color of state law."). Thus, the Court will address the substance of each alleged constitutional violation.

## I. Claims Against the Linden Police Department

At the outset, Plaintiff's Section 1983 claims against the Linden Police Department are dismissed with prejudice because a city police department is "merely an administrative arm of the local municipality." *See Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)). Therefore, the Linden Police Department is not a separate entity and cannot be sued under Section 1983. *Id.* (dismissing Section 1983 and tort claims against the Newark Police Department because it was not an entity that was subject to suit).

## II. Supervisory Liability

Plaintiff asserts claims against the City of Linden and the Linden Chief of Police, Jonathan Parham, for their failure to adequately train, supervise and discipline the individual police officers.

4

Compl. at 8-10. While a municipality or its policymaker[1] may be liable under Section 1983, they cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, to hold these defendants liable, a plaintiff must demonstrate that the violation of rights was caused by a municipal policy or custom. *Id.*

To state a claim based on a municipal policy or custom, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Id.* (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). If a plaintiff relies on a policy or custom that does not violate federal law on its face, "causation can only be established by 'demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequence.'" *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)) (internal brackets omitted). Here, the Complaint is devoid of facts plausibly asserting an official policy or custom as well as sufficient allegations concerning deliberate indifference. The Complaint merely states, in a conclusory manner, that the City of Linden and Parham failed to adequately train, monitor, and discipline the individual officers. Compl. at 10. Because threadbare recitations of the elements of a *Monell* claim are insufficient, these claims are dismissed as they are not plausibly pled. *See, e.g., Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing claim against city because plaintiff failed to plead facts demonstrating the existence of a policy or custom).

---

[1] Pursuant to New Jersey law, a chief of policy is a policy maker for a municipal police department. *See Estate of Bard v. City of Vineland*, No. 17-1452, 2017 WL 4697064, at *3 (D.N.J. Oct. 19, 2017) (citing *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 913 (3d Cir. 2003)).

5

### III. Fourth Amendment Claim

Plaintiff alleges that the Individual Officer Defendants illegally seized his property in violation of the Fourth Amendment. Compl. at 8, 12. The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. const. amend IV. Effects include personal property. *See Brown v. Muhlenberg Township*, 269 F.3d 205, 209 (3d Cir. 2001). "A Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Id.* (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Plaintiff alleges that his tractor was illegally seized by the Individual Officer Defendants but fails to include any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. For example, the Court does not know when or why the tractor was seized, why the motor vehicle citations were issued, which citations were issued, or why the Individual Officer Defendants' conduct was allegedly illegal. Because the Complaint fails to include this necessary factual support, Plaintiff's Fourth Amendment claim is dismissed.

### IV. Due Process Claims[2]

Plaintiff alleges that the Individual Officer Defendants failed to comply with procedural and substantive due process procedures when they seized his trailer and issued improper citations.

---

[2] Plaintiff pleads that Defendants violated his Fifth Amendment Due Process rights. "Fifth Amendment [Due Process] protection only applies when the *federal government* seeks to deprive a person of life, liberty or property." *Robinson v. Fauver*, 932 F. Supp. 639, 645 n.4 (D.N.J. 1996). Because Plaintiff does not assert any claims against a federal actor here, the Court will construe Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment, which applies to state actors.

Compl. at 11. The Fourteenth Amendment Due Process Clause has both a procedural and a substantive component.[3] *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000).

Procedural due process requires that state procedures for challenging the deprivation of a protected property interest satisfy certain procedural requirements. *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), abrogated on other grounds, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003). To plead a violation of procedural due process rights under the Fourteenth Amendment, a plaintiff "must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Id.* A state has adequate procedural due process "when it provides reasonable remedies to rectify a legal error by a local administrative body." *Id.* Therefore, when a party has access to full judicial process, through which he may "challenge the administrative decision in question, the state has provided adequate procedural due process." *Id.* In this instance, the Complaint states that the Linden Municipal Court dismissed all summons against Plaintiff on or about October 19, 2016. Compl. at 6. Thus, the limited factual allegations pled in the Complaint suggest that there were adequate due process protections in place. Accordingly, Plaintiff's procedural due process claim is dismissed.

For a substantive due process claim challenging the validity of non-legislative state action, a plaintiff must first establish that he has a fundamental property interest that is protected by the Fourteenth Amendment. *Nicholas*, 227 F.3d at 139-42. Next, a plaintiff must establish that the state action is "arbitrary, irrational, or tainted by improper motive, or if so egregious that it shocks the conscience." *Cty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 169 (3d Cir. 2006)

---

[3] The Fourteenth Amendment provides, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1.

(quoting *Nicholas*, 227 F.3d at 139) (internal quotation marks omitted). "Substantive due process is a doctrine reserved for egregious official conduct that trenches upon the most fundamental of civil liberties." *Armbruster v. Cavanaugh*, 410 F. App'x 564, 567 (3d Cir. 2011). Accordingly, "litigants face substantial burdens to show violations of substantive due process." *Childress v. City of Orange Township*, No. 14-4354, 2018 WL 1378722, at *13 (D.N.J. Mar. 19, 2018). Here, Plaintiff fails to establish what protected, fundamental property interest was violated by the Individual Officer Defendants' conduct. Therefore, Plaintiff's substantive due process claim is dismissed.

## V. Conspiracy Claims

Plaintiff also asserts a claim for a Section 1985 conspiracy. Specifically, the Complaint alleges that the Individual Officer Defendants conspired to illegally seize Plaintiff's property and issue false motor vehicle citations, and that the City of Linden failed to prevent the conspiracy from occurring. Compl. at 12-13. To state a claim for a Section 1985 conspiracy, a plaintiff must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Lake v. Arnold*, 112 F.3d 682, 687 (3d Cir. 1997). In this instance, the Complaint fails to establish that Plaintiff is part of any class of individuals, or that Defendants' conduct was in any way motivated by a discriminatory animus. The Complaint also fails to plausibly allege that a conspiracy itself existed – other than to state in conclusory fashion that there was a conspiracy. Consequently, Plaintiff's conspiracy claim fails.[4]

---

[4] To the extent that Plaintiff meant to plead a Section 1983 conspiracy claim, it would also fail. To state a claim for a Section 1983 conspiracy, a plaintiff must allege facts to support the existence of an agreement and a concerted action. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). In addition, a plaintiff must allege "a deprivation of a federally protected right." *Lake*, 112 F.3d at 689. Because Plaintiff fail to establish any underlying violation of a constitutional right, a Section 1983 conspiracy claim would also fail. *See White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010) ("[T]he District Court properly granted summary judgment on

8

## VI. Tort Claims

The Complaint also asserts state law tort claims against Defendants, over which the Court could have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Section 1367(c), however, gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction over through Section 1367(a). Specifically, Section 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed at an early stage of litigation, courts general decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, at the earliest possible stage of the proceedings, the Court is dismissing Plaintiff's Section 1983 claims, which provided the Court with federal question jurisdiction. As a result, the Court will use its discretion pursuant to Section 1367(c), and declines to exercise its supplemental jurisdiction at this time. Plaintiff's state-law claims, therefore, are dismissed.

Finally, when dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding

---

White's conspiracy claims because White cannot establish an underlying violation of his constitutional rights.").

9

pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

In conclusion, for the foregoing reasons, Plaintiff's Complaint is dismissed in its entirety. As a threshold matter, Palmist Trucking, LLC cannot go forward as Plaintiff without counsel and without paying the required filing fee. In addition, because the Linden Police Department is not an appropriate defendant, it is dismissed as a Defendant with prejudice as to the federal claims. If Mesadieu intends to file an amended complaint in which he is the named Plaintiff, then he is afforded with thirty (30) days to file an amended complaint. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. Moreover, if Mesadieu does not plead plausible claims in his next amended complaint, this action will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: November 27, 2018

John Michael Vazquez, U.S.D.J.