UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUILIO MESADIEU t/a PALMIST TRUCKING, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LINDEN, et al,<br><br>*Defendants.* | Civil Action No. 18-14561<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Guilio Mesadieu t/a Palmist Trucking, LLC seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 4. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Amended Complaint (the "FAC") pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff initially filed suit in this matter as Palmist Trucking, LLC, and this Court dismissed the initial complaint because an LLC cannot proceed without an attorney or *in forma pauperis*. Screening Opinion at 1, D.E. 2. Because Plaintiff has appropriately inserted himself as Plaintiff, the Court will consider whether this matter may proceed *in forma pauperis*. Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's FAC liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal

2

conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

This is Plaintiff's second attempt to assert cognizable claims. This Court dismissed Plaintiff's initial complaint in its entirety because Plaintiff failed to plead sufficient facts to support any of his claims. The Court granted Plaintiff leave to file an amended pleading, which Plaintiff filed on January 2, 2019. *See* Screening Opinion and Order, D.E. 2, 3. Although Plaintiff includes a few additional facts in the FAC, Plaintiff still fails to assert any claims against Defendants. *See* FAC, D.E. 4. Moreover, the FAC includes a Defendant that this Court dismissed with prejudice in the first screening Opinion and continues to assert claims that this Court advised were not cognizable. *See, e.g.*, Screening Opinion at 4-5.

In the FAC, Plaintiff alleges that two unnamed City of Linden Police officers (the "Individual Officer Defendants") improperly issued two traffic citations then illegally seized Plaintiff's car trailer. Plaintiff maintains that the Individual Officer Defendants' actions constituted a deprivation of his property without due process in violation of the Fourteenth Amendment, a seizure in violation of his Fourth Amendment rights, and amounted to a violation of his New Jersey state constitutional rights. FAC at 7, 9-10. Plaintiff also asserts claims against the City of Linden, alleging that it failed to adequately train, monitor, and discipline the Individual Officer Defendants. *Id.* at 8. Plaintiff further asserts a state law tort claim for intentional infliction of emotional distress against Defendants as a result of the alleged improper seizure and issuance of the false traffic citations. *Id.* at 10. Absent from the FAC, however, are sufficient factual allegations that support any of Plaintiff's claims.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. In order to state claim under Section

3

1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Plaintiff also alleges violations of his New Jersey Constitutional rights. While not explicitly stated, the Court assumes that Plaintiff is bringing these claims pursuant to the NJCRA. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). Therefore, the Court considers Plaintiff's § 1983 and NJCRA claims together.

Given that each Defendant in this matter is associated with the Linden Police Department, the Court assumes, for purposes of this screening opinion, that Plaintiff adequately alleges that Defendants are state actors. *See Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) ("[A]cts of a state or local employee in her official capacity will generally be found to have occurred under color of state law."). Thus, the Court will address the substance of each alleged constitutional violation.

I.      **Claims Against the Linden Police Department**

The FAC still names the Linden Police Department as a Defendant in this matter. In the first screening Opinion, this Court dismissed the Section 1983 claims against the Linden Police Department with prejudice because a city police department is "merely an administrative arm of the local municipality." *See Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d

4

Cir. 2004)). Plaintiff still cannot assert claims against the Linden Police Department and these claims remain dismissed with prejudice.

**II.     Supervisory Liability**

Plaintiff also re-asserts claims against the City of Linden for its failure to adequately train, supervise and discipline the Individual Officer Defendants. FAC at 8. As previously explained, a municipality cannot be held liable under Section 1983 simply because it failed to supervise its employees. Instead, a Plaintiff must plead that his rights were violated because of a municipal policy or custom. Screening Opinion at 2-3 (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). The FAC merely states, in a conclusory manner, that the City of Linden is under a duty to supervise members of the Linden police department and fails to mention any policy or custom. FAC at 8. Plaintiff's claims against the City of Linden are dismissed.

**III.    Fourth Amendment Claim**

In the first screening Opinion, this Court dismissed Plaintiff's Fourth Amendment claims because Plaintiff failed to include sufficient factual support. Screening Opinion at 6. Although Plaintiff includes more details in the FAC about the traffic citations, Plaintiff's claims do not sufficiently state any Fourth Amendment violations. Plaintiff alleges that he was incorrectly issued two tickets: one because his trailer was overweight and the second for an abandoned motor vehicle. FAC at 9. Plaintiff contends that the Individual Officer Defendants violated his Fourth Amendment rights when they improperly issued both citations and when they towed Plaintiff's trailer. *Id.*

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. const. amend IV.

5

Effects include personal property. *See Brown v. Muhlenberg Township*, 269 F.3d 205, 209 (3d Cir. 2001). "A Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Id.* (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). "The impoundment of a vehicle could constitute a seizure within the meaning of the Fourth Amendment." *Pinckney v. City of Passaic*, No. 17-5149, 2019 WL 1013325, at *2 (D.N.J. Mar. 4, 2019). A Fourth Amendment seizure of a person occurs when there is an intentional governmental termination of freedom of movement "such that 'a reasonable person would have believed that he was not free to leave.'" *Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 648 (D.N.J. 2005) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). The Fourth Amendment, however, only prohibits seizures that are unreasonable. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014).

The FAC fails to adequately allege a Fourth Amendment claim. As for issuing the traffic citations themselves, it does not appear from Plaintiff's limited facts that Plaintiff was present when the citations were issued, thus there was no seizure of Plaintiff for Fourth Amendment purposes. *See Mayer*, 382 F. Supp. 2d at 648 (explaining that there must be a restriction to an individual's freedom of movement). In addition, nothing in the allegations indicate that Individual Officer Defendants' decision to tow Plaintiff's trailer was unreasonable. As alleged in the FAC, it seems that the Individual Officer Defendants towed the vehicle because it appeared to be abandoned. No facts in the FAC demonstrate that otherwise. *See, e.g., Pinckney*, 2019 WL 1013325, at *2 (dismissing Fourth Amendment claim because alleged wrongful conduct of towing a car parked in a handicapped parking space was not unreasonable). Plaintiff's Fourth Amendment claims, therefore, are dismissed.

## IV. Due Process Claim

Plaintiff alleges that the Individual Officer Defendants violated his Fourteenth Amendment due process rights when they seized his trailer and issued improper citations. FAC at 9-10. The Fourteenth Amendment Due Process Clause has both a procedural and a substantive component.[1] *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000).

Procedural due process requires that state procedures for challenging the deprivation of a protected property interest satisfy certain procedural requirements. *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), abrogated on other grounds, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003). To plead a violation of procedural due process rights under the Fourteenth Amendment, a plaintiff "must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Id.* A state has adequate procedural due process "when it provides reasonable remedies to rectify a legal error by a local administrative body." *Id.* Therefore, when a party has access to full judicial process, through which he may "challenge the administrative decision in question, the state has provided adequate procedural due process." *Id.*

The FAC indicates that Plaintiff challenged the allegedly improper motor vehicle citations in state court and the citations were dismissed. Once the citations were dismissed, Plaintiff attempted to retrieve his property from the towing company but was unable to pay fees associated with towing and storing his trailer. FAC at 7. As alleged, there does not appear to be any procedural due process violation; Plaintiff challenged the citations in state court and the citations were dismissed. This demonstrates that adequate procedures were in place. Moreover, the limited

---

[1] The Fourteenth Amendment provides, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1.

factual allegations pled in the FAC suggest that Plaintiff's alleged damages did not result from any procedural violations. Accordingly, Plaintiff's procedural due process claim is dismissed.

For a substantive due process claim challenging the validity of non-legislative state action, a plaintiff must first establish that he has a fundamental property interest that is protected by the Fourteenth Amendment. *Nicholas*, 227 F.3d at 139-42. Next, a plaintiff must establish that the state action is "arbitrary, irrational, or tainted by improper motive, or if so egregious that it shocks the conscience." *Cty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 169 (3d Cir. 2006) (quoting *Nicholas*, 227 F.3d at 139) (internal quotation marks omitted). "Substantive due process is a doctrine reserved for egregious official conduct that trenches upon the most fundamental of civil liberties." *Armbruster v. Cavanaugh*, 410 F. App'x 564, 567 (3d Cir. 2011). Accordingly, "litigants face substantial burdens to show violations of substantive due process." *Childress v. City of Orange Township*, No. 14-4354, 2018 WL 1378722, at *13 (D.N.J. Mar. 19, 2018).

In the FAC, Plaintiff alleges that he has a property interest in his trailer. FAC at 9. Although individuals have a substantive property interest for real property ownership, there is no indication that ownership in other personal property, like Plaintiff's trailer, should be afforded similar protections. *See Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018) (explaining "the only protected property interests we have thus far deemed fundamental involved ownership of real property" and that courts are reluctant to expand the scope of substantive due process protection outside these rights). Accordingly, Plaintiff's substantive due process claim also fails.

## V. Tort Claim

The FAC also asserts a state law tort claim against Defendants, over which the Court could have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). As explained in the first screening

Opinion, Section 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed at an early stage of litigation, courts general decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court is again dismissing Plaintiff's Section 1983 claims, which provided the Court with federal question jurisdiction. As a result, the Court will use its discretion pursuant to Section 1367(c), and declines to exercise its supplemental jurisdiction at this time. Plaintiff's state-law claim, therefore, is dismissed.

## VI. Dismissal With Prejudice

Finally, when dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). Dismissal with prejudice is appropriate if an amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). In its prior screening Opinion, the Court set forth the deficiencies with Plaintiff's claims and Plaintiff failed to cure any of those deficiencies in the FAC. As a result, the Court concludes that any further amendment would be futile. *See, e.g., Henry v. City of Allentown*, No. 12-1380, 2013 WL 6409307, at *2 (E.D. Pa. Dec. 9, 2013) ("Although the grant of a motion to dismiss is usually without prejudice, a District Court may exercise its discretion and refuse leave to amend if such amendment would be futile, particularly when a plaintiff has had multiple opportunities to improve the pleadings."). Moreover, this Court stated in the screening Opinion that if Plaintiff did not plead a plausible claim in any amended complaint, the action would be dismissed with prejudice. Opinion at 10; *see also* Order, D.E. 3. As discussed, Plaintiff fails

9

to assert a plausible claim in the FAC. Accordingly, this dismissal is with prejudice, which means that Plaintiff cannot file an amended pleading.

Accordingly, and for good cause shown,

IT IS on this 17th day of June, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Guilio Mesadieu's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter; and it is

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.